Houston East & West Texas Railway Co. et al. v.
W. F. Carroll.

Delivered October 29, 1896.

**Appeal to County Court—Who May Object to Bond.**

Judgment was rendered against two defendants in a Justice Court, and one of them appealed to the County Court, giving an appeal bond payable to the plaintiff alone, and not to the codefendant. The codefendant appeared in the County Court, and waived objection to the bond. Held, that plaintiff could not complain of the omission as ground for dismissal of the appeal.

Appeal from the County Court of Nacogdoches.    Tried below before Hon. L. M. Pirtle.

*W. H. Wilson* and *Baker, Botts, Baker & Lovett,* for appellants.— In an appeal from a judgment where there are several codefendants, be-

tween whom there is no issue, and where the judgment goes wholly against all defendants, the failure of one defendant on appeal to make his appeal bond payable to his codefendants is not strictly jurisdictional, and a defect may be waived by delay or failure to present the motion in the proper manner and time, and may be cured by the waiver of those parties who alone could be injured by such defect, if the omission is held to constitute a defect under any circumstances. Ricker v. Collins, 81 Texas, 664, 665; Jordan v. Moore, 65 Texas, 365; Railway v. Mosty, 27 S. W. Rep., 1057; Johnson v. Bank, 29 S. W. Rep., 679.

[No brief for appellee reached the Reporter.]

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued the railroad company and Johnson & Todd in a justice's court on account for $162.95. Johnson & Todd failed to answer, but the railroad company answered denying its liability. Judgment was rendered in favor of plaintiff against all of the defendants for the amount sued for, from which the company appealed to the County Court, giving an appeal bond good in all respects, except that it was payable to the plaintiff alone, and not to Johnson & Todd, the codefendants. The latter appeared in the County Court, and filed an answer, making no objection to the appeal because the bond was not payable to them. The plaintiff made a motion to dismiss the appeal, which was sustained, for the reason indicated.

We are of the opinion that the ruling was error. If Johnson & Todd were entitled to be secured by a bond payable to them, it was a right which they could waive. The notice of appeal and bond payable to plaintiff gave the court jurisdiction to entertain the case, and the objection to the bond was one which only Johnson & Todd could make. Plaintiff was protected by the bond which the law required in his behalf. Tynberg v. Cohen, 76 Texas, 417; Id., 24 S. W. Rep., 315. Johnson & Todd answered and expressly waived any objection to the bond, and sought to have the case reinstated. The authorities referred to leave nothing to be said upon the point. There were other grounds stated in the motion to dismiss, but this was the one on which the court acted, and the others do not seem to have any merit in them.

*Reversed and remanded.*